UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

IRA BOYCE,

Defendant.

25-cr-576 (SHS)

MEMORANDUM
OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Ira Boyce has moved for dismissal of the indictment against him and for immediate release from custody, contending that this prosecution violates the Federal Juvenile Delinquency Act. (*See* Dkt. No. 53.) The Government has opposed that motion. (Dkt. No. 57.) The Court and the parties discussed Boyce's motion at the conference held on January 5, 2026, at which the Court indicated that it appeared Boyce's contention that the Federal Juvenile Delinquency Act applies to this prosecution may be foreclosed by the U.S. Court of Appeals for the Second Circuit's decision in *United States v. Wong*, 40 F.3d 1347 (2d Cir. 1994). The Court granted Boyce leave to file a reply addressing *Wong*, which Boyce did on January 7. (*See* Dkt. No. 59.) The Government filed a sur-reply with the Court's leave (Dkt. No. 60) and Boyce filed a response to that sur-reply (Dkt. No. 61).

The Federal Juvenile Delinquency Act regulates the exercise of federal jurisdiction over a defendant "juvenile"—defined as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday," 18 U.S.C. § 5031—who is "alleged to have committed an act of juvenile delinquency," 18 U.S.C. § 5032. "Juvenile delinquency" is defined as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. § 5031. "The relevant 'act' for purposes of determining federal jurisdiction under § 5032 is the crime charged in the indictment." *Wong*, 40 F.3d at 1365.

The prosecution of Boyce, who at the current time is older than eighteen but not yet twenty-one, is not based on an alleged "act of juvenile delinquency"; accordingly, the Federal Juvenile Delinquency Act is not applicable to this action.

The indictment charges Boyce with participation in a conspiracy to distribute narcotics from 2022 through 2025 and with using, carrying, and possessing a firearm in relation to a drug trafficking crime from 2022 through 2025. (*See* Dkt. No. 1 at 1–5.) Boyce turned eighteen in late 2023. (*See* Dkt. No. 53 at 2.) "It is well established that federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday." *Wong*, 40 F.3d at 1365. "The [Federal Juvenile Delinquency Act] does not . . . prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor . . . ." *Id.* (quoting *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984)). "Because conspiracy is a continuing crime that endures until its objectives are either completed or abandoned, a federal court may assume jurisdiction over a defendant upon a threshold demonstration of post-eighteen conspiracy activity." *Id.* at 1366 (internal quotation marks and citations omitted).

Here, the indictment charges Boyce with continued participation in a drug trafficking conspiracy after his eighteenth birthday and with using, carrying, and possessing a firearm in connection with that drug trafficking conspiracy after his eighteenth birthday. (*See* Dkt. No. 1 at 1–5.) The Government has supported the indictment's general allegations with specific allegations regarding Boyce's participation in the conspiracy and possession of a firearm after his eighteenth birthday. (*See* Dkt. No. 16 at 13–14.) Boyce's prosecution is therefore based not on alleged "acts of juvenile delinquency" but on crimes Boyce allegedly committed as an adult, and the Federal Juvenile Delinquency Act is inapplicable. *See Wong*, 40 F.3d at 1367 ("[O]nce having established that certain acts of the offense occurred after the defendant's eighteenth birthday, the entire case may be tried in accordance with the adult rules of procedure and evidence." (citation omitted)).

Accordingly, Boyce's motion to dismiss the indictment and for immediate release is denied.


Dated: New York, New York
       January 13, 2026


SO ORDERED:

Sidney H. Stein, U.S.D.J.

2